UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN JACKSON, | : | |
| Plaintiff, | : | No. 3:19-cv-101 (KAD) |
| | : | |
| v. | : | |
| | : | |
| DR. GERALD VALLETTA, | : | |
| Defendant. | : | |
| | : | |

**INITIAL REVIEW ORDER**

**Preliminary Statement**

Plaintiff, Kevin Jackson ("Jackson"), currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 asserting a claim for deliberate indifference to a serious medical need against defendant Dr. Gerald Valletta. Jackson seeks damages and declaratory relief. The complaint was received on January 18, 2019, and Jackson's motion to proceed *in forma pauperis* was granted on February 11, 2019.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed

allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On June 28, 2017, Jackson underwent surgery at the University of Connecticut Health Center. The surgeon shaved a bone in Jackson's right index finger that had a large dorsal spur and implanted a screw from the fingertip past the first joint. A doctor at the hospital referred Jackson to Dr. Valletta with a recommendation for Percocet 5/32mg for post-surgery pain. Dr. Valletta prescribed Tylenol 3, once per day. On June 29, 2017, Jackson complained that the Tylenol 3 caused vomiting and requested a different medication. On June 30, 2017, Jackson submitted his request in writing. Dr. Valletta met with Jackson later that day after receiving the written request. Jackson explained that he was allergic to Tylenol 3 and that it caused him to experience chills, nausea, fever and vomiting. Dr. Valletta told Jackson that, if he changed the medication, he would have to transfer Jackson to the infirmary and said he did not have time for that. Instead, Dr. Valletta raised the dose of Tylenol 3 to three times per day and sent Jackson back to his housing unit.

Jackson's symptoms worsened with the increased dosage. As a result, on July 4, 2017, Jackson refused the medication. He told the medical staff verbally and in writing that he needed a different medication for pain. From July 4 through July 19, 2017, Jackson was not treated. He experienced severe post-surgical pain. Although Dr. Valletta received his requests for treatment,

2

Jackson was ignored.

**Discussion**

Jackson alleges that Dr. Valletta was deliberately indifferent to his severe pain for two weeks. The Supreme Court has held that deliberate indifference to a convicted prisoner's[1] serious medical needs can constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim of deliberate indifference to serious medical needs contains both an objective and a subjective component. *See Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006).

To establish a claim for deliberate indifference to serious medical needs, Jackson must show that he had objectively "serious medical needs," and his condition was met with subjective "deliberate indifference" by the defendant. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Estelle*, 429 U.S. at 104). "The objective component requires that the alleged deprivation [of medical treatment] must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (citation and internal quotation marks omitted). To establish the subjective component, Jackson must allege facts showing that Dr. Valletta was "aware of facts from which the inference could be drawn that

---

[1] Jackson does not indicate whether he was a sentenced prisoner or pretrial detainee in June 2017. The Court takes judicial notice of the records of the Connecticut Department of Correction. *See Shannon v. Venettozzi*, ___ F. App'x ___, 2018 WL 4224321, at *2 (2d Cir. Sept. 6, 2018) (taking judicial notice of New York Department of Corrections and Community Supervision records showing date inmate was released on parole); *Fox v. Zennamo*, No. 6:15-cv-0587(LEK/ATB), 2016 WL 1090583, at *1 n.2 (N.D.N.Y. Mar. 16, 2016) (taking judicial notice of plaintiff's records on New York Department of Corrections and Community Supervision website to determine underlying facts of plaintiff's conviction). The records indicate that Jackson was sentenced on March 6, 2015. Thus, his claim is governed by the Eighth Amendment. *See* www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=401676 (last visited Feb. 12, 2019).

3

a substantial risk of serious harm exist[ed]." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Where the plaintiff complains about a delay in treatment, the court must focus on the effect of the delay rather than the underlying medical condition. *See Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003); *see also Cruz-Droz v. Marquis,* No. 3:17-cv-1291(MPS), 2018 WL 1368907, at *4 (D. Conn. Mar. 16, 2018) (if claim is for temporary delay in otherwise adequate treatment, court focuses on delay rather than underlying medical need). The Second Circuit has held that a delay in treatment constitutes deliberate indifference where prison officials "ignored a life-threatening and fast-degenerating" condition for three days, *Liscio v. Warren*, 901 F.2d 274, 277 (2d Cir. 1990), or delayed needed major surgery for over two years. *Hathaway v. Coughlin*, 841 F.2d 48, 50-51 (2d Cir. 1988). The court considers the reason for the delay and whether the delay worsened the prisoner's condition. *Smith*, 316 F.3d at 187. "[I]n most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." *Id.* (citations omitted).

A showing of negligence or medical malpractice does not support an Eighth Amendment claim, unless it involves culpable recklessness. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation." *See Smith*, 316 F.3d at 184.

Jackson concedes that any claim regarding Dr. Valletta's choice of medication and act of increasing the dosage constitute negligence and are not cognizable as Eighth Amendment violations. He does not include these actions in his claim. Doc. No. 1, ¶ 13. The factual basis

4

for his claim is that Dr. Valletta failed to follow-up and prescribe an alternate treatment after Jackson claimed he was allergic to Tylenol 3 and after he subsequently refused to take it.

Jackson does not indicate whether he was provided alternate pain medication on July 19, 2017, or his pain resolved. Thus, it is difficult for the Court to determine his claim is best characterized as a delay in treatment or a failure to treat at all. Assuming either to be the case, Jackson alleges that the lack of alternative medication caused him to suffer severe pain for two weeks. As a result, the Court concludes that Jackson has adequately pleaded a serious medical need.

Jackson alleges that he told the "the medical unit" that he was ill and needed a different medication. He also alleges that he submitted a written request. However, Jackson does not allege that he met with or wrote to Dr. Valletta about his refusal to take the Tylenol 3 and his resulting lack of medication. To satisfy the subjective element of the deliberate indifference test, Jackson must allege facts showing that Dr. Valletta, **was aware of facts** from which an inference could be drawn, and actually drew the inference that a substantial risk of serious harm existed. *See Hill*, 657 F.3d at 122 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). As Jackson merely assumes that Dr. Valletta was aware that Jackson had refused the Tylenol 3 and was therefore unmedicated for two weeks, he has not stated a plausible claim for deliberate indifference to serious medical needs. *See Iqbal*, 556 U.S. at 678 (conclusory allegations are not sufficient to state plausible claim).

**Request for Relief**

For relief, Jackson seeks damages and a declaration that Dr. Valletta violated his right to adequate medical care. Jackson does not specify whether he seeks damages from Dr. Valletta in his official or individual capacity.

The Eleventh Amendment bars claims for damages against state officials in their official capacities unless the state has waived this immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Jackson has alleged no facts suggesting that Connecticut has waived this immunity. Accordingly, any claims for damages against Dr. Valletta in his official capacity is dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Jackson also seeks a declaration that Dr. Valletta denied him adequate medical care. Declaratory relief operates prospectively. It is intended to enable parties to adjudicate claims before either party suffers significant damages. *Orr v. Waterbury Police Dep't*, 2018 WL 780218, at *7 (D. Conn. Feb.8, 2018) (citations omitted). In *Orr*, the court dismissed the request for declaratory relief because the request related only to past actions, and the plaintiff had not identified any legal issue that could be resolved by declaratory relief. *Id.* As Jackson seeks a declaration regarding past actions, the request for declaratory relief is inappropriate and dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Orders**

For all the foregoing reasons, any claim for damages against Dr. Valletta in his official capacity and the request for declaratory relief are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b). The claim for damages against Dr. Valletta in his individual capacity for deliberate indifference to a serious medical need is **DISMISSED** without prejudice.

Jackson may file an amended complaint asserting only this claim if he can allege facts which demonstrate that Dr. Valletta was aware that Jackson had refused to continue taking Tylenol 3 and was aware that, as a result, Jackson was not receiving any medication. Any amended complaint shall be filed within thirty days from the date of this order using the Prisoner Efiling Program.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of February 2019.

/s/*Kari A. Dooley*
Kari A. Dooley
United States District Judge